BENESH v FRENCHTOWN TOWNSHIP

1. ZONING—STATUTES—ORDINANCES—AMENDMENTS—PUBLIC HEARING —NOTICE—POSTING.

A statute governing amendment of zoning ordinances requires that a parcel to be rezoned be posted with notice of public hearing on the proposed change only when individual parcels are to be rezoned; it is not necessary to post each individual parcel when an entire revision of the zoning ordinance is to be reenacted (MCLA 125.284).

2. ZONING—STATUTES—ORDINANCES—AMENDMENTS—PUBLIC HEARING —NOTICE—PUBLICATION.

A statute which requires publication of the section or sections to be amended when giving notice of a public hearing that a zoning ordinance amendment is · proposed does not require publication of the entire ordinance where the proposed change is a revision of the entire ordinance (MCLA 125.284).

3. ZONING—TOWNS—ORDINANCES—REZONING—PUBLIC HEARING—NOTICE.

A township zoning ordinance which requires the township to mail notices of a public hearing to owners of land bordering within 300 feet of a parcel of land affected by a proposed zoning change is applicable only when an individual parcel is being rezoned and such mailing is not required when the entire township is being rezoned.

Appeal from Monroe, William J. Weipert, Jr., J. Submitted Division 2 January 16, 1975, at Detroit. (Docket No. 19552.) Decided February 12, 1975.

Complaint by Peter Benesh, Sr., and others against the Township of Frenchtown, Frenchtown Township Board, and Frenchtown Township Plan-

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 58 Am Jur, Zoning §§ 10, 176.

ning Commission, challenging the validity of an amendment to the township's zoning ordinance, and for an injunction restraining the defendants from enforcing the new ordinance. Judgment for defendants, upholding the ordinance. Plaintiffs appeal. Affirmed.

*Robert N. Sawyer,* for plaintiffs.

*Daniel L. Sullivan,* for defendants.

Before: R. B. BURNS, P. J., and BRONSON and M. F. CAVANAGH, JJ.

R. B. BURNS, P. J. This is a class action challenging the validity of an amendment to the township's zoning ordinance. The trial court upheld the amendment and we affirm.

Defendant township undertook a complete revision of its zoning ordinance. Notices of a public hearing on the proposed ordinance, to be held March 22, 1973, were published in the Monroe Evening News on February 28, 1973 and March 16, 1973.

The public hearing was held and the zoning ordinance was passed.

Plaintiffs claim that the proceedings were invalid because the defendants failed to comply with the state statute and the township ordinance controlling such amendments. More specifically they claim that the defendants did not post the properties to be affected by the proposed ordinance, did not publish the sections in an existing zoning ordinance to be amended or changed by the proposed ordinance, and did not mail notice to owners of property affected by the proposed ordinance.

At the time of the hearing MCLA 125.284; MSA 5.2963(14) read:

"Sec. 14. Amendments or supplements to the zoning ordinance may be made from time to time in the same manner provided in this act for the enactment of the original ordinance, except that the public hearing conducted by the township board shall not be necessary unless a request is made in writing by a property owner. If *an individual property* is proposed for rezoning, the property shall be conspicuously posted at least 8 days prior to the hearing provided by section 9 of this act stating the time, place, date and purpose of the hearing. It shall only be necessary to publish the section or sections to be amended in or added to the zoning ordinance." (Emphasis added.)

It is admitted that the defendants did not post the hundreds of parcels changed by the new zoning, nor did they publish the section or sections to be amended.

The publication read:

"NOTICE OF PUBLIC HEARING
TOWNSHIP OF FRENCHTOWN

"To the residents and property owners of Frenchtown Township and to whom it may concern:

"ZONING NOTICE

"Notice is hereby given that on March 22, 1973, 7:30 p.m. at the Jefferson High School, 5707 Williams Road, Frenchtown Township Planning Commission will hold a Public Hearing for the purpose of hearing arguments in favor of or objections to the enactment of a New Zoning Ordinance & Zoning Map."

The statute specifically states that an amendment can be made in the same manner as the original ordinance was adopted.

The township followed the correct procedure. It is only when individual parcels are to be rezoned that the parcels must be posted. It is not necessary

to post each individual parcel when an entire revision of the zoning ordinance is to be reenacted.

The statute, when referring to publication, stated:

"It shall *only* be necessary to publish the section or sections to be amended * * * ." (Emphasis supplied.)

The legislation attempted to simplify the publication and did not require the entire ordinance to be published. In the present case the publication gave fair to adequate notice to the public that a new ordinance affecting the entire township was to be discussed. The notice was sufficient.

Section 17.1 of Frenchtown Ordinance No. 14 provides as follows:

"The Township Board may from time to time amend, supplement or change the regulations and boundaries of districts or provisions of this ordinance in the manner prescribed by Act 184 of Public Acts of Michigan for 1943, as amended, provided, that no amendment which proposes to reclassify any property shall be adopted unless a copy of the notice of public hearing, as required to be published by the provisions of such Public Act, shall have been mailed by the Zoning Board at least twenty (20) days and not more than thirty (30) days prior to the date of the hearing, to the owner of each parcel of land, *any part of which is within three hundred (300) feet of the perimeter of the parcel to be affected by the proposed amendment,* and provided further, that should the foregoing provision require notice to the owners of more than ten (10) such parcels, then notice to the owners of ten (10) such parcels only of those most nearly adjacent to the affected parcel shall be sufficient." (Emphasis supplied.)

Plaintiffs claim that the ordinance required the defendants to mail notices of the public hearing to owners of land bordering within 300 feet of the

affected parcel and that the failure of the defendants to comply with this requirement rendered the notice deficient.

It should be noted that this provision is restricted: " * * * any part of which is within three hundred (300) feet of the perimeter of the parcel to be affected by the proposed amendment." Again, the language speaks of "parcel" in the singular, just as the statute spoke of an individual parcel.

In our opinion this section of the ordinance is applicable only when an individual parcel is being rezoned and not when a township is rezoning the entire township.

Affirmed. No costs, a public question.