NORTH BURNS PARK ASSOCIATION v CITY OF ANN ARBOR

Docket No. 87332. Submitted June 10, 1986, at Lansing. Decided August 8, 1986.

North Burns Park Association brought an action in the Washtenaw Circuit Court against the City of Ann Arbor, its planning commission and others to enjoin the conversion of a house into a sorority for use as student group housing and to enjoin the city from permitting such conversions in the future on the basis of a zoning ordinance amended in 1984. Plaintiff alleged that the 1984 amendments to the zoning ordinance were invalid since they drastically altered the rules applicable to student group housing without providing adequate public notice. The changes complained of applied to R2B zoning districts in which use of the buildings as fraternity houses, sorority houses and student cooperatives are permissible as special exception uses if they meet the conditions for boarding house special exceptions. One change provided for the deletion of the word "existing" from the ordinance provision that a boarding house special exception could be granted only if "the floor area of the existing structure exceeds 5000 square feet." The second involved deletion of the exclusion of the floor area of uninhabitable basements from the definition of "usable floor area." The notice in question contained notice of hearing on "[t]echnical [a]mendment to [the zoning law] regarding [d]efinition, [p]ermitted [p]rincipal and [a]ccessory [u]ses . . . ." The trial court, Edward D. Deake, J., granted summary judgment of dismissal for defendants. Plaintiff appealed.

The Court of Appeals held:

1. The statute governing the notice requirements for such amendments merely requires the notice to specify the time and place of the hearing.

2. The Ann Arbor City Code requires, in addition to the time

REFERENCES

Am Jur 2d, Zoning and Planning §§ 300-303.

Validity and construction of statutory notice requirements prerequisite to adoption or amendment of zoning ordinance or regulation. 96 ALR2d 449.

and place of the hearing, notice of the substance of the proposed amendments.

3. Notice that the amendments dealt with definitions in the zoning law was sufficient for the amendments in question.

Affirmed.

Zoning — Amendment of Zoning Ordinance — Notice.

Notice of a public hearing concerning an amendment to a zoning ordinance is sufficient if it specifies the time and place of the hearing; a municipality may further require that the notice state the substance of the proposed amendment (MCL 125.584[1]; MSA 5.2934[1]).

*Barris, Sott, Denn & Driker* (by *Morley Witus*), and *Adele P. La Porte,* for plaintiff.

*Harris, Lax, Guenzel & Dew* (by *Jerold Lax*), for defendants Sorosis Limited Partnership and Sorosis Club of Michigan.

*R. Bruce Laidlaw,* City Attorney, for the City of Ann Arbor and the Ann Arbor Planning Commission.

Before: Beasley, P. J., and D. F. Walsh and Hood, JJ.

Per Curiam. Plaintiff appeals as of right from an order denying its summary disposition motion. Plaintiff had challenged the validity of defendant City of Ann Arbor's zoning ordinances under which defendants Sorosis Limited Partnership and Sorosis Club of Michigan formulated plans to enlarge a home in Ann Arbor and to convert it to group home use as a sorority. Plaintiff alleged that the 1984 amendments to the zoning ordinance were invalid since they drastically altered the rules applicable to student group housing without providing adequate public notice. The trial court instead found that adequate notice of the proposed amendments had been given and that the ordi-

nance as amended was valid, and granted summary disposition in favor of the defendants. Our review persuades us that the trial court was correct, and we affirm.

The house has been a single-family residence since it was built almost eighty-five years ago. The areas of the basement, first floor and second floor of the house, exclusive of the proposed addition, are 1,773, 1,796 and 1,773 square feet respectively. It is located within the R2B zoning district, which is designated for one- and two-family homes. Fraternities, sororities, student cooperatives, and boarding houses are permitted in R2B zoning areas as special exception uses once certain requirements are met.

In 1984 many amendments were made to the City of Ann Arbor zoning ordinance. Two of these changes applied to the R2B zoning district. It is these changes which the plaintiff now challenges. Prior to the 1984 amendments to the zoning ordinance, fraternity houses, sorority houses, and student cooperatives were permissible in the R2B zoning district as special exception uses if they met the conditions for boarding house special exceptions. Ann Arbor City Code, Chapter 55, § 5:21(4)(c). Ann Arbor City Code, Chapter 55, § 5:21(4)(f)(1) provided that a boarding house special exception could be granted only if "the floor area of the *existing* structure exceeds 5,000 square feet." (Emphasis added.) Since the 1984 amendments to the zoning ordinance, Ann Arbor City Code Chapter 55, § 5:10.4(2)(c) provides:

(2) Permitted principal uses.

\* \* \*

(c) Fraternity houses, sorority houses and student cooperative houses as a special exception use pursuant to Section 5:104 if 350 square feet of lot

area is provided per occupant, a resident manager is employed or appointed if the owner does not reside in the house, and if the floor area of the structure exceeds 5,000 square feet.

The second change in the zoning ordinance covering the R2B zoning district involves the definition of "usable floor area." Prior to the 1984 amendments, Ann Arbor City Code, Chapter 55, § 5:9(4) provided:

> USABLE FLOOR AREA RESIDENTIAL: The measurement of usable floor area for residential uses shall be the sum of the area of the first floor, as measured to the exterior face of the exterior walls, plus that area, similarly measured, of all other stories having more than ninety (90) inches of headroom that are accessible by a fixed stairway and which may be made usable for human habitation; *but excluding the floor area of uninhabitable basements,* cellars, garages, accessory building, attics, breezeways, and unenclosed porches. [Emphasis added.]

Ann Arbor City Code, Chapter 55, § 5:1(42) now provides:

> Usable Floor Area, Residential: The measurement of usable floor area for residential uses shall be the sum of the area of the first floor, as measured to the exterior face of the exterior walls, plus that area, similarly measured, of all other stories having more than 90 inches of headroom that are accessible by a fixed stairway and which may be made usable for human habitation; but excluding the floor area of garages, accessory building, attics, breezeways, and unenclosed porches.

The plaintiff attacks the validity of the 1984 amendments to the ordinance, claiming that inade-

quate notice was given of the proposed changes in the ordinance. Plaintiff argues that the changes drastically altered the requirements for a special exception use permit for student group housing by deleting the requirement that the *existing* structure exceed five thousand square feet and by allowing basements to be included in the calculation of usable floor area. Plaintiff claims that lack of proper notice of these changes invalidates the 1984 amendments to the zoning ordinance.

MCL 125.584(1); MSA 5.2934(1) and Ann Arbor City Code, Chapter 55, § 5:107(4)(a) set forth the notice requirements for such amendments. MCL 125.584(1); MSA 5.2934(1) does not provide for the content of the notice of public hearing concerning an amendment to a zoning ordinance other than requiring the notice to specify the time and place of the hearing. Ann Arbor City Code, Chapter 55, § 5:107(4)(a) requires that the notice state the time and place of the public hearing and the substance of the proposed amendment. Plaintiff claims that the notice given in this instance failed to meet the requirements. The notice provided:

> NOTICE OF PUBLIC HEARING
> A public hearing on the following items will be held by the Ann Arbor City Planning Commission in the Council Chamber, City Hall, 100 North Fifth Avenue, Ann Arbor, Michigan on Tuesday, February 28, 1984 at 7:30 P.M.
>
> * * *
>
> 4. Technical Amendment to Chapter 55 regarding Definitions, Permitted Principal and Accessory Uses, Outdoor Sales, and Day Care Facilities.

Plaintiff's summary disposition motion was predicated upon MCR 2.116(C)(10). Defendants' motion was based upon MCR 2.116(I)(2). The trial court never specifically denominated the basis upon

which it rendered its decision. However, since the facts are not disputed, we will assume for purposes of appellate review that the motion was granted in favor of defendants pursuant to MCR 2.116(I)(2).

Plaintiff claims that, because the notice of public hearing said nothing about changes in the rules governing student group housing, the notice was inadequate and the amendments invalid. We disagree and find that the trial court correctly found the notice sufficient. The notice given indicated that the amendments being considered concerned "definitions" and "permitted principal and accessory uses." The notice clearly stated that the amendments dealt with definitions contained within Chapter 55, the zoning chapter, of the city code. This notice was sufficient to inform plaintiff that the definitions of "usable floor area" and "existing structure" could be addressed.

Although we find little Michigan case law that considers this sufficiency of notice question, we find that in *Benesh v Frenchtown Twp,* 58 Mich App 553; 228 NW2d 459 (1975), this Court held that a notice that was far more general than the notice given here was sufficient when a township undertook a complete revision of its zoning ordinance. Plaintiff has pointed to no Michigan cases that have invalidated a zoning ordinance because a notice of public hearing failed to say enough about the subject matter of an amendment pending before a legislative body. Nor do we find plaintiff's authorities from our sister jurisdictions to be relevant to the resolution of this question.

Moreover, plaintiff's claim that the notice was misleading, since it stated that outdoor sales and day care centers would be addressed but neglected to include student group housing, is without merit. The notice specifically stated that permitted principal uses were to be addressed. No permitted

principal uses were specifically excluded, and the fact that student group housing was not specifically identified as one of the permitted principal uses to be considered does not render the notice misleading and inadequate.

Finally, we reject plaintiff's characterization of the amendment of provisions affecting student group housing in the R2B zoning district as being significant and substantial. The amendments are no more than a clarification of the existing regulations. The elimination of the term "uninhabitable basement" from the definition of usable floor area simply removed a redundant term from the zoning ordinance. Section 5:9(4) of the Ann Arbor City Code prior to the 1984 amendments clearly provided that the measure of usable floor area included the area of the first floor of the structure plus the area of "all other stories having more than ninety (90) inches of headroom that are accessible by a fixed stairway and which may be made usable for human habitation." Since the provision stated that only those areas which could be made fit for human habitation may be included, it was merely superfluous to specifically exclude uninhabitable basements.

We also view the removal of the word "existing" from the regulation requiring that the floor area of the existing structure exceed five thousand feet to be nothing more than a clarification. The use of the word "existing" was ambiguous. The word "existing" in the pre-1984 zoning ordinance is subject to several interpretations, including existing upon adoption of the zoning chapter, existing upon the adoption of the amendment adding the word, existing at the time the special exception use permit was sought, or existing when the structure begins being used pursuant to the special

exception use permit. Removal of the word "existing" helped to clear up this ambiguity in the zoning ordinance.

Accordingly, we conclude that the 1984 amendments to the zoning ordinance affecting student group housing were not significant and substantial, but merely operated to clarify the ordinance. The notice given was sufficient, and the trial court did not err in upholding the validity of the 1984 amendments to the zoning ordinance. Our disposition of this question makes it unnecessary to consider the remaining issues raised.

Affirmed.