*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LISA MONTRIEF, DEAN T. MONTRIEF, STEVE BAILEY, DANIEL MILLS, JANET M. MILLS, COLIN ROEHM, ANJLIA MASLAK, TRUMAN CARRICO, KIMBERLY SELLERS CARRICO, JOSEPH R. RINE, LEESA R. RINE, MICHAEL RINE, JOSEPH DOWNARD, MARTHA DROW, VICTORIA L. ROBERTS, CHIP ROBERTS, DARWIN SCHOEFF, JOANNE SCHOEFF, DAVID SQUIRES, HELEN SQUIRES, RONALD G. JOHNSON, WILLIAM A. BEDELL, DONALD SCHROEDER, MARJORIE MONAGIN, BARBARA KORICAN, KEITH PRICE, JUDITH BAILEY, WILLIAM BAILEY, JOE E. O'NEAL, KAREN KOYKKA O'NEAL, and TECUMSEH MILLS AIRPORT, LLC,

UNPUBLISHED
October 06, 2025
10:09 AM

Plaintiffs-Appellants,

v

No. 368603
Lenawee Circuit Court
LC No. 2021-006726-CZ

MACON TOWNSHIP BOARD OF TRUSTEES, MUSTANG MILE SOLAR ENERGY, LLC, and CONSUMERS ENERGY COMPANY,

Defendants-Appellees.

Before: GADOLA, C.J., and RICK and MARIANI, JJ.

PER CURIAM.

Plaintiffs appeal as of right the trial court's order granting defendants summary disposition under MCR 2.116(C)(8) and (10) of plaintiffs' complaint seeking a declaratory judgment and injunctive relief. We affirm.

## I. FACTS

-1-

This case involves plaintiffs' challenge to the validity of an amendment to the Macon Township Zoning Ordinance. Plaintiffs contend that when amending the zoning ordinance, the Macon Township Board of Trustees (Township Board) failed to comply with the notice provisions of the Michigan Zoning Enabling Act (MZEA), MCL 125.3101 *et seq*., and the notice provision of §18.12(2) of the township's zoning ordinance. Plaintiffs assert that as a result, the amendment to the zoning ordinance, and any actions taken pursuant to the amended ordinance, are invalid.

Plaintiffs are landowners in Macon Township, which is a rural, agricultural township in southeastern Michigan. Defendant Mustang Mile Solar Energy, LLC (Mustang) is a subsidiary of Invenergy, a Chicago-based multi-national power generation company. In 2017, Invenergy persuaded the Township Board to amend the township's zoning ordinance to facilitate Invenergy's installation of an industrial-scale solar panel facility anticipated to occupy 2,777 acres in the township. At that time, the township's ordinance did not provide for permitting a large-scale solar panel facility, and it appears that the township's population largely was unaware of the proposed amendment to allow that use.

This case was before this Court in a prior appeal, and at that time this Court summarized the facts and procedural history as follows, in pertinent part:

> Sometime in 2017, Invenergy, LLC – a multinational power generation company – approached individuals in Macon Township about amending the Macon Township Zoning Ordinances to include industrial-size solar farms as a special land use in districts zoned industrial or agricultural. In January 2018, the matter went before the Macon Township Planning Commission, which recommended that the Macon Township Zoning Ordinances be so amended. The Township approved the amendments on April 2, 2018. The preamble to the amendment, which was codified as Ordinance No. 2018-01, provides:
>
> > An ordinance to amend Article VII of the Macon Township Zoning Ordinance by replacing Section 7.03 regarding solar energy facilities within the Township; adding large solar energy facilities (Solar Farms) to the listing of special land uses in the Agricultural (AG) and Industrial (I) Districts; and the replacement, deletion, and addition of associated definitions to Article XX [Emphasis deleted.]
>
> A copy of Ordinance 2018-01, i.e., the Solar Ordinance, was attached to the April 2, 2018 Township Board's meeting minutes.
>
> Following the 2018 amendment, a representative from Invenergy regularly attended meetings of the Planning Commission and the Township Board. The representative kept both the Planning Commission and the Township Board up-to-date on matters such as its efforts at securing leases for a planned solar project, obtaining environmental and engineering studies, preparing the SLUP [special land use permit], the timeline for submitting the SLUP, and the possibility of selling the completed solar project to a utility. The Invenergy representative raised questions before the Board that led to the Board determining that amendments needed to be made to the Solar Ordinance.

To be sure, the Township Board twice voted to amend the Solar Ordinance. First, on December 2, 2019, the Board voted to approve an amendment to the fee schedule set forth in the Macon Township Zoning Ordinance, and a copy of that amendment was attached to the meeting minutes as Resolution 2019-03. Second, ostensibly because Invenergy needed additional time to complete the solar project once it was started, the Planning Commission recommended that Macon Township Ordinance, Art XVI, § 16.09 be amended to allow additional time for the completion of the project. On November 12, 2020, the Township Board voted to approve that amendment. Thereafter, on December 7, 2020, the Township Board approved an ordinance "amending and readopting Article VII of the Macon Township Zoning Ordinance." That amendment is codified as Ordinance No. 2020.

On October 28, 2020, Invenergy, acting through its subsidiary, Mustang Mile, submitted its SLUP to the Township. The Planning Commission recommended that the SLUP application be denied. However, on May 10, 2021, the Township Board voted 3-2 to approve the SLUP. As stated above, plaintiffs challenged the Board's action on two fronts: first, they filed a notice of appeal of the decision to grant the SLUP, and second, they filed the instant action seeking a declaratory judgment that the Solar Ordinance was invalid and unenforceable because it was passed in violation of the notice provisions in the MZEA and the Township's Zoning Ordinances. Thereafter, defendants each filed motions for summary disposition, alleging – as relevant to this appeal – that plaintiffs lacked standing to pursue their action for declaratory relief. The trial court found that plaintiffs lacked standing and summarily dismissed their claim for declaratory and injunctive relief. [*Montrief v Macon Twp Board of Trustees*, unpublished per curiam opinion of the Court of Appeals, issued April 27, 2023 (Docket No. 360437); p 2-3 (footnotes omitted).]

Plaintiffs' complaint in this case alleged that when amending the township ordinance to include the Solar Ordinance and its subsequent amendments, the Township Board violated the notice provisions of the MZEA and §18.12(2) of the township ordinance, as well as the due process provisions of the United States and Michigan Constitutions, US Const, Am XIV; Const 1963, art 1, § 17. Plaintiffs appealed the trial court's order granting defendants summary disposition to this Court, which reversed the trial court's order and remanded to the trial court for further proceedings. This Court held that plaintiffs had standing to maintain their suit for declaratory judgment because they have a sufficient personal stake in the outcome of the litigation differing from that of the general public, and because Macon Township Zoning Ordinance, Art XXI, § 21.06 provides plaintiffs with a legal cause of action to challenge the alleged violation of the notice provisions of the Macon Township Zoning Ordinance. *Montrief*, unpub op at 8.

On remand, the trial court again granted defendants summary disposition of plaintiffs' complaint under MCR 2.116(C)(8) and (10). The trial court held that the Township Board had complied with the proper procedures for amending its zoning ordinance, including all notice requirements, and that plaintiffs were not entitled to personal notice as they contended. The trial court concluded that as a result, plaintiffs' contention that the amended ordinance and the special land use permit issued to Mustang pursuant to the amended ordinance were invalid was without merit. Plaintiffs now appeal.

## II. DISCUSSION

Plaintiffs contend that the trial court erred by granting defendants summary disposition under MCR 2.116(C)(8) and (10), thereby improperly dismissing their claim that the Township Board violated the notice provisions of the MZEA and the township zoning ordinance by failing to provide plaintiffs with proper notice when adopting the Solar Ordinance and its subsequent amendments to facilitate Mustang's industrial-scale solar installation. To answer this question requires us to determine the notice requirements of the MZEA and the township zoning ordinance when, as here, the Township Board exercised its legislative authority[1] to alter the restrictions on use and development assigned to property within the township through a change in the applicable zoning regulations.

### A. STANDARD OF REVIEW

We review de novo the trial court's decision to grant or deny summary disposition. *Jostock v Mayfield Twp*, 513 Mich 360, 368; 15 NW3d 552 (2024). We also review de novo the interpretation and application of statutes, as well as the interpretation of municipal ordinances. *Id*. We similarly review de novo the trial court's application of the court rules and whether a plaintiff has been denied due process of law. *Sandstone Creek Solar, LLC v Twp of Benton*, 335 Mich App 683, 712; 967 NW2d 890 (2021).

A motion for summary disposition under MCR 2.116(C)(8) tests the legal sufficiency of the claim. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). When reviewing the trial court's decision to grant or deny summary disposition under MCR 2.116(C)(8), we consider the pleadings alone, accepting all factual allegations as true. *Id*. at 160. Summary disposition under MCR 2.116(C)(8) is warranted when the claim is so unenforceable that no factual development could justify recovery. *Id*.

A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of the claim; summary disposition under MCR 2.116(C)(10) is properly granted when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *El-Khalil*, 504 Mich at 160. A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might disagree. *Id*. When reviewing the trial court's decision to grant or deny summary disposition under MCR 2.116(C)(10), we consider the documentary evidence submitted by the parties in the light most favorable to the nonmoving party. *Id*.

### B. MZEA

Municipalities have no inherent power to regulate land use. *Saugatuck Dunes Coastal Alliance v Saugatuck Twp*, 509 Mich 561, 577; 983 NW2d 798 (2022). Our state's Legislature,

---

[1] Zoning and rezoning are legislative acts, *Saugatuck Dunes Coastal Alliance v Saugatuck Twp*, 509 Mich 561, 590 n 18; 983 NW2d 798 (2022), while the approval of a special use permit is essentially an administrative act, *Connell v Lima Twp*, 336 Mich App 263, 270, 283; 970 NW2d 354 (2021).

however, may authorize municipalities to regulate land use through zoning. *Sandstone Creek Solar, LLC*, 335 Mich App at 697. In 2006, our Legislature enacted the MZEA, thereby consolidating three previous zoning-enabling acts. *Id*. The MZEA grants local units of government authority to regulate land use and development through zoning "for the broad purposes identified in" the MZEA. *Saugatuck Dunes Coastal Alliance*, 509 Mich at 577. Section 201(1) of the MZEA provides:

> A local unit of government may provide by zoning ordinance for the regulation of land development and the establishment of 1 or more districts within its zoning jurisdiction which regulate the use of land and structures to meet the needs of the state's citizens for food, fiber, energy, and other natural resources, places of residence, recreation, industry, trade, service, and other uses of land to ensure that use of the land is situated in appropriate locations and relationships, to limit the inappropriate overcrowding of land and congestion of population, transportation systems, and other public facilities, to facilitate adequate and efficient provision for transportation systems, sewage disposal, water, energy, education, recreation, and other public service and facility requirements, and to promote public health, safety, and welfare. [MCL 125.3201(1).]

Under the MZEA, a municipality may regulate land use by adopting a zoning ordinance and by amending an existing zoning ordinance. See MCL 125.3201(1); MCL 125.3202. The MZEA also provides for the rezoning of land through ordinances. *Wickman v Norway Twp Clerk*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 367743); slip op at 4, citing MCL 125.3401 and MCL 125.3402. Section 202 of the MZEA, MCL 125.3202, provides in relevant part:

> (1) The legislative body of a local unit of government may provide by ordinance for the manner in which the regulations and boundaries of districts or zones shall be determined and enforced or amended or supplemented. Amendments or supplements to the zoning ordinance shall be adopted in the same manner as provided under this act for the adoption of the original ordinance.

> (2) Except as provided in subsection (3), the zoning commission shall give a notice of a proposed rezoning in the same manner as required under section 103 [MCL 125.3103]. . . .

MCL 125.3202(1) thus provides that an amendment of the zoning ordinance is to be adopted in the same manner as the original ordinance, which requires notice by publication. See MCL 125.3401(7). MCL 125.3202(2) directs that a township planning commission[2] provide notice of a proposed rezoning in the manner required by MCL 125.3103, which requires personal notice to certain property owners. *Connell v Lima Twp*, 336 Mich App 263, 293-294; 970 NW2d 354 (2021). MCL 125.3103 provides, in relevant part:

---

[2] A township planning commission falls within the term "zoning commission" under the MZEA. *Connell*, 336 Mich App at 292.

-5-

(1) Except as otherwise provided in this act, if a local unit of government conducts a public hearing required under this act, the local unit of government shall publish notice of the hearing in a newspaper of general circulation in the local unit of government not less than 15 days before the date of the hearing.

(2) Notice required under this act shall be given as provided under subsection (3) to the owners of property that is the subject of the request. Notice shall also be given as provided under subsection (3) to all persons to whom real property is assessed within 300 feet of the property that is the subject of the request and to the occupants of all structures within 300 feet of the subject property regardless of whether the property or structure is located in the zoning jurisdiction. . . .

(3) The notice under subsection (2) is considered to be given when personally delivered or when deposited during normal business hours for delivery with the United States postal service or other public or private delivery service. The notice shall be given not less than 15 days before the date the request will be considered. . . .

In this case, plaintiffs contend that the Township Board rezoned properties within the township that were classified as agricultural or industrial to permit a previously unpermitted use on those properties, but did not give personal notice as required under MCL 125.3103(3). Defendants contend that they did not rezone the properties in question, but instead amended the text of the township's zoning ordinance to change the special uses permitted within the classifications of the properties in question, and provided notice of the amendments by publication. The question therefore concerns the meaning of "rezoning" as used in the MZEA, specifically MCL 125.3202(2).

When determining the meaning of a statute, we focus on the text of the statute. *Jostock*, 513 Mich at 372, citing *Clam Lake Twp v Dep't of Licensing & Regulatory Affairs*, 500 Mich 362, 373; 902 NW2d 293 (2017). When the words of a statute or ordinance are clear and unambiguous, the language expresses the intent of the legislative body and must be enforced as written. *Sau-Tuk Indus, Inc v Allegan Co*, 316 Mich App 122, 137; 892 NW2d 33 (2016). Here, the text of MCL 125.3202 is clear that "the zoning commission shall give a notice of a proposed rezoning" by personal notice as directed by MCL 125.3103, but the adoption of amendments and supplements of an ordinance require the Township Board to follow the process applicable to the initial adoption of an ordinance, i.e., by providing notice by publication. Because the language of these provisions of the MZEA is clear and unambiguous, we need not engage in statutory interpretation to ascertain their meaning. See *Clam Lake Twp*, 500 Mich at 373. We do, however, need to ascertain the meaning of the word "rezoning" as used in the statute.

The term "rezoning" is not defined in the MZEA. We presume undefined words to have their ordinary meaning, unless they have "acquired a peculiar and appropriate meaning in the law, in which case we accord them that meaning." *Jostock*, 513 Mich at 372, quoting *Clam Lake Twp*, 500 Mich at 373. We consult lay dictionaries to ascertain the ordinary meaning of common words and phrases. *In re Certified Question from United States Court of Appeals for the Ninth Circuit*, 499 Mich 477, 484: 885 NW2d 628 (2016). The ordinary meaning of "rezone" is "to change the

use of an area of land, or the types of structures that can be built on it,"[3] and "to designate (a zone or zones in a city, town, or borough) for a new purpose or use through a change in the applicable zoning regulations."[4] To rezone is "to reclassify (a property, neighborhood, etc.) as belonging to a different zone or being subject to different zoning restrictions."[5]

The events in this case fall within these definitions of "rezone;" the Township Board changed the zoning regulations applicable to the specific properties sought by Mustang for development by changing the zoning regulations applicable to the classifications to which those properties belonged. That is, the Township Board amended the township ordinance to allow solar facilities as a new specially-permitted use within certain classifications as a means of changing the zoning regulations on the properties that Mustang had identified to the Township Board as the properties desired for their solar facility.

However, as noted, when a term has "acquired a peculiar and appropriate meaning in the law," we accord the term that meaning. *Jostock*, 513 Mich at 372, quoting *Clam Lake Twp*, 500 Mich at 373. In *Jostock*, the Supreme Court in dicta stated that "[b]oth the 'rezoning of the land' and 'an amendment to a zoning map' involve changing the zoning classification for a specific property or properties," *Jostock*, 513 Mich at 372, citing *Connell*, 336 Mich App at 267, suggesting that when used in the context of Michigan zoning law, the term "rezoning" has acquired a specific meaning, namely, the changing of the zoning classification of a specific property or properties.[6] Similarly, in *Grand/Sakwa of Northfield, LLC v Northfield Twp*, 304 Mich App 137, 140, 142, 153-154; 851 NW2d 574 (2014), this Court referred to the changing of the classification of a specific property as "rezoning," contrasting that action with amendment of a zoning classification itself to alter the uses permitted within that classification.

A review of Michigan case law supports that the term rezoning has been used consistently in Michigan law to refer to the changing of the zoning classification of a property. See, e.g., *Paragon Properties Co v City of Novi*, 452 Mich 568, 572; 550 NW2d 772 (1996) (observing that the plaintiff sought to have its property rezoned to a different classification); *id*. at 584

---

[3] *Cambridge English Dictionary* <https//dictionary.cambridge.org/us/dictionary/English/rezone> (accessed July 2, 2025).

[4] *Merriam-Webster* <https://www.merriam-webster.com/dictionary/rezone> (accessed July 2, 2025).

[5] *Random House Webster's College Dictionary* (2000).

[6] We note, however, that our Supreme Court also has stated that "[a] decision whether to rezone property does not involve consideration of only a particular or specific user or only a particular or specific project; rather, it involves the enactment of a new rule of general applicability, a new rule that governs all persons and all projects." *Greater Bible Way Temple of Jackson v City of Jackson*, 478 Mich 373, 389; 733 NW2d 734 (2007). In that case, the city denied the plaintiff's request that the city rezone his property to a different classification. In concluding that the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 USC 2000cc *et seq*. did not apply in that case, the Court seemingly extended the definition of rezoning beyond a classification change for a specific property to include the enactment of a new rule generally applicable in the municipality.

(CAVANAGH, J., dissenting) (agreeing that the plaintiff's request was correctly understood as a rezoning); *Committee for Marshall-Not the Megasite v City of Marshall*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 369603); slip op at 21, vacated on other grounds, __ Mich __ (2025) (Docket No. 167553) (referring to changing the zoning of a specific property as "rezoning"); *Connell*, 336 Mich App at 267 (in the context of conditional rezoning, referring to rezoning as property being assigned a new use classification); *City of Detroit v City of Detroit Board of Zoning Appeals*, 326 Mich App 248, 266; 926 NW2d 311 (2018) (referring to property being assigned a new classification to allow a different use as rezoning).

In this case, the parties do not dispute that the Township Board did not change the classification of the properties in question; rather, the Township Board changed the special uses permitted within the existing classifications to facilitate Mustang's obtaining a special use permit to install an industrial-scale solar facility on the properties in question, a use that was not permitted on the specific properties in question before the Township Board's action. We observe that although the Township Board did not change the classification of the properties in question, the Township Board so altered the special uses permitted within the classifications to which the properties belonged as to subject the properties in question to a use far different from the uses previously permitted on those properties.

Defendants assert that the mechanism used by the Township Board to achieve this change was not rezoning, but merely a text amendment to the township's existing zoning ordinance. We note, however, that amending a zoning ordinance and rezoning are not mutually exclusive actions. Rather, "[r]ezoning is accomplished by amending the zoning ordinance." *Jostock*, 513 Mich at 369-370. Defendants also argue that rezoning refers to a change in the permitted use of a specific property or properties rather than an entire classification of properties. Defendants are correct that rezoning typically refers to the reclassification of a specific property. See *Jostock*, 513 Mich at 372. We observe, however, that although the amendment in this case affected the zoning regulations applicable to all properties within two classifications, the entire effort to amend the zoning ordinance was to enable the township to deliver to Mustang special use permits to build its massive solar project on specific properties within those classifications. Neighboring properties will be affected to the same extent as if those specific properties had been placed in a different zoning classification. The Township Board, however, did not reclassify the specific properties to a new zoning classification, and as a result the properties were not rezoned as that term is applied in Michigan zoning law. See *Jostock*, 513 Mich at 372; see also, e.g., *Benesh v Frenchtown Twp*, 58 Mich App 553; 228 NW2d 459 (1975).[7] Because rezoning did not occur in this case, the trial

---

[7] In *Benesh*, this Court held that under a precursor statute to the MZEA, when a township amended its ordinance in a manner that affected numerous properties within the township, the notice provisions applicable to rezoning did not apply. The statute then in effect required particularized notice when an individual parcel was proposed for rezoning, but when a new ordinance affecting the entire township was to be discussed, notice by general publication was sufficient. *Id.* at 555, citing former MCL 125.284. Because the defendant township in that case undertook to amend its zoning ordinance to affect numerous properties, it was not required to comply with the notice provisions applicable to rezoning a single property.

court did not err by concluding that the Township Board did not fail to comply with the notice provisions of the MZEA by failing to provide plaintiffs with personal notice of the amendments.

## C. THE AIRPORT

Plaintiff Tecumseh Mills Airport LLC contends that it was entitled to mailed notice of the Township Board's adoption of the Solar Ordinance pursuant to MCL 125.3401(7) and (8). In addition, the airport asserts that the Township Board failed to provide it with proper notice of a meeting of the Township Board on December 7, 2020, which the airport contends was a public hearing entitling the airport to personal notice under MCL 125.3401. That statutory section provides, in relevant part:

> (1) After receiving a zoning ordinance under section 308(1) or an amendment under sections 202 and 308(1), the legislative body may hold a public hearing if it considers it necessary or if otherwise required.

> (2) Notice of a public hearing to be held by the legislative body shall be given in the same manner as required under section 103(1) for the initial adoption of a zoning ordinance or section 202 for any zoning text or map amendments.

> * * *

> (7) Following adoption of a zoning ordinance or any subsequent amendments by the legislative body, the zoning ordinance or subsequent amendments shall be filed with the clerk of the legislative body, and a notice of ordinance adoption shall be published in a newspaper or general circulation in the local unit of government within 15 days after adoption.

> (8) A copy of the notice required under subsection (7) shall be mailed to the airport manager of an airport entitled to notice under section 306.

MCL 125.3306(2) provides:

> Notice of the time and place of the public hearing shall also be given by mail to each electric, gas, and pipeline public utility company, each telecommunication service provider, each railroad operating within the district or zone affected, and the airport manager of each airport, that registers its name and mailing address with the clerk of the legislative body for the purpose of receiving the notice of public hearing. [MCL 125.3306(2).]

The airport, however, points to no evidence in the record that the meeting of the Township Board in question was a public hearing, nor that the airport manager was registered and entitled to notice under MCL 125.3306. Because the airport made no factual allegations and presented no evidence to establish these assertions, the trial court did not err by concluding that further discovery would not stand a fair chance of uncovering factual support for the airport's position. See *Glorycrest Carpenter Rd, Inc v Adams Outdoor Advertising Ltd Partnership*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 366261); slip op at 11 (summary disposition before the completion of discovery may be appropriate if further discovery does not stand a reasonable chance

of uncovering factual support for the opposing party's position). The trial court correctly ruled that defendants were entitled to summary disposition of this issue.

## D. § 18.12(2)

Plaintiffs also contend that they were entitled to personal mailed notice under § 18.12 of the Macon Township Zoning Ordinance. Section 18.12(2)(d) states, in relevant part, "[w]here an individual parcel of property has to be rezoned, notice of public hearing shall be given by first class mail to all property owners and occupants of property, any part of which lies within three hundred (300) feet from the boundary of the property to be rezoned. . . ." Regarding the construction of language within the ordinance, the ordinance provides that "[t]erms not herein defined shall have the meaning customarily assigned to them." Macon Township Zoning Ordinance, Art II, § 2.01(9). As discussed, the Township Board's amendment to the township's zoning ordinance did not "rezone" any property, when applying that term as used in Michigan law, because it did not change the zoning classification of any property. Therefore, the requirement of personal mailed notice set forth in §18.12(2) of the township's zoning ordinance did not apply.[8]

Affirmed.

/s/ Michael F. Gadola
/s/ Michelle M. Rick
/s/ Philip P. Mariani

---

[8] Plaintiffs also contend that § 20.01.70 of the Macon Township Zoning Ordinance required newspaper publication between 5 and 15 days before the date of the public hearing and that the newspaper notice was published more than 15 days before the November 12, 2020 public hearing. Defendants assert that plaintiffs rely on a 2004 version of the township zoning ordinance no longer in effect. We decline to reach this issue because it was not raised in plaintiffs' complaint and the trial court did not have opportunity to rule upon it in the first instance. See *Jawad A. Shah, MD, PC v State Farm Mut Auto Ins Co*, 324 Mich App 182, 193, 210; 920 NW2d 148 (2018).